OPINION
On October 26, 1998, the Tuscarawas County Grand Jury indicted appellant, Robert Schnuck, on one count of theft in violation of R.C. 2913.02 and twelve counts of forgery in violation of R.C.2913.31. Said charges arose from incidents involving appellant's grandmother's checks and checkbook. On December 1, 1999, appellant pled no contest to an amended indictment containing one count of theft and five counts of forgery. By judgment entry filed same date, the trial court found appellant guilty. By judgment entry filed January 18, 2000, the trial court sentenced appellant to twelve months in prison on each count to run consecutively, all suspended in lieu of five years of community control. The trial court included specific conditions, pertinent to this appeal the payment of a $1,000.00 fine if appellant fails to complete Anger Management within one year and the payment of a restitution order in an unrelated case, Case No. 1997CR120225. Assignments of error are as follows:
 I THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT IMPOSED A RESTITUTION ORDER BEYOND THE SCOPE OF THE OHIO REVISED CODE.
 II THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT IMPOSED CONSECUTIVE MAXIMUM SENTENCES FOR THE CHARGES HEREIN.
 III THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT IMPOSED A FINE OF $1,000.00.
 I
Appellant claims the trial court erred in ordering appellant to pay a restitution order from an unrelated case. We agree. By judgment entry filed January 18, 2000, the trial court ordered the following specific condition: 4. That the defendant repay restitution in the Assault of a Peace Officer case as follows: $96.00 to the Tuscarawas County Sheriff, 2295 Reiser Avenue SE, New Philadelphia, Ohio, 44663; and $6,170.00 to the Ohio Bureau of Worker's Compensation, Canton Services Officer, 4895 Dressler Road NW, PO Box 35545, Canton, Ohio, 44735, and pay any restitution due in Case No. 1998 CR 10 0206, as may be later established by the probation officer;
Pursuant to R.C. 2929.14(A)(1), a restitution order may be imposed to repay "the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The Tuscarawas County Sheriff and the Ohio Bureau of Worker's Compensation were not the victims sub judice. Upon review, we find the trial court erred in imposing the specific condition of payment of restitution from a totally unrelated case. Specific Condition No. 4 in the January 18, 2000 judgment entry is hereby deleted. Assignment of Error I is granted.
 II
Appellant claims the trial court erred in imposing consecutive maximum sentences. We disagree. By judgment entry filed January 18, 2000, the trial court ordered appellant to serve "a twelve (12) months sentence on each count to run consecutive, in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction if the Community Control Sanctions imposed above are violated." Pursuant to R.C. 2929.14(E)(4), multiple sentences may be ordered to be served consecutively if the trial court makes the necessary findings: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. During the sentencing hearing, the trial court found the following at 11: We have nearly all of the statutory recidivism factors present in this case due to the assault occurring while being held in the jail and the theft and forgery occurring while on bond; the prior history of adjudications for delinquency or history of criminal convictions; the failure to respond favorably in the past to supervision which I would consider as the assault that occurred while in the jail and then the multiple problems with rule violations while in jail; and lack of genuine remorse, the Court will find that the recidivism is more likely.
In its January 18, 2000 judgment entry, the trial court stated the following: The Court imposes the longest term because the defendant poses the greatest likelihood of committing future crimes. The Court imposes consecutive prison terms because such is necessary to protect the public and punish the defendant, is not disproportionate to the conduct and to the danger the defendant poses, and because the crimes were committed while the defendant was on bond awaiting trial. Further, the Court finds that the defendant's criminal history shows that consecutive terms are needed to protect the public.
Upon review, we find the trial court's cited statements fulfill the mandates of R.C. 2929.14(E)(4). Assignment of Error II is denied.
 III
Appellant claims the trial court erred in imposing a $1,000.00 fine. We disagree. R.C. 2929.18(A) permits the imposition of fines: Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.25 of the Revised Code, may impose upon the offender a fine in accordance with that section. * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
* * *
 (2) Except as provided in division (B)(1), (3), or (4) of this section, a fine payable by the offender to the state, to a political subdivision, or as described in division (B)(2) of this section to one or more law enforcement agencies, with the amount of the fine based on a standard percentage of the offender's daily income over a period of time determined by the court and based upon the seriousness of the offense. A fine ordered under this division shall not exceed the statutory fine amount authorized for the level of the offense under division (A)(3) of this section.
The charges sub judice are felonies of the fifth degree. R.C.2929.18(A)(3)(e) provides that the fine for a felony of the fifth degree shall be "not more than $2,500.00." Pending before the trial court were six counts. By judgment entry filed January 18, 2000, the trial court ordered appellant to "pay a fine of $1,000.00 to be suspended if he complete Anger Management within one year after starting Community Control." During the sentencing hearing, the trial court found the following at 12: Based upon the income available to Mr. Schnuck, at the time that he is on community control sanctions, the Court would impose a fine of one thousand dollars to be suspended if he successfully completes the anger management program within one year's time from the start of that community control period.
Upon review, we find the amount of the fine is permissible under R.C. 2929.18(A)(3)(e). However, because of the conditional nature of the fine, we find the matter is not ripe for review under R.C.2929.18(A)(2). Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.
By FARMER, J. GWIN, P.J. concur. HOFFMAN, J. concurs separately.